UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                                  NO. 05-229

MICHAEL CARTER                                      SECTION "R"

## ORDER AND REASONS

Before the Court is Defendant Michael Carter's motion to vacate his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

On April 18, 2007, Carter pleaded guilty to three counts of distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of distributing fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).[2] Carter was sentenced to 262 months imprisonment as to each count, to be served concurrently.[3] Carter now asks the Court to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[4] But Carter's challenge to the career offender enhancement in the

---

[1] R. Doc. 54.
[2] R. Doc. 40; R. Doc. 43.
[3] R. Doc. 52 at 2.
[4] R. Doc. 56.

advisory Sentencing Guidelines is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 895. Accordingly, Carter's motion is meritless.[5]

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

---

[5] The Government also argues that this post-conviction challenge is procedurally defaulted and barred by the appeal waiver in Carter's guilty plea. *See* R. Doc. 65. Because Carter's motion fails on the merits, the Court need not address these arguments.

issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Carter has not made a substantial showing of the denial of a constitutional right. IT IS ORDERED that Carter's motion to vacate is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___21st___ day of September, 2017.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE