UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                                        NO. 05-229

MICHAEL CARTER                                        SECTION "R" (3)

**ORDER AND REASONS**

Before the Court is Michael Carter's motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018.[1] For the reasons that follow, the Court denies the motion.

**I.   BACKGROUND**

In 2007, Carter pleaded guilty to a four-count indictment.[2] Count 2 charged him with "distribut[ing] fifty (50) grams or more of cocaine base ('crack') . . . in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)."[3] Counts 1, 3, and 4 charged Carter with distributing only five grams or more of crack cocaine, in violation of Section 841(b)(1)(B).[4]

---

[1]   R. Doc. 68.
[2]   *See* R. Doc. 1 at 1-2; R. Doc. 43 at 1; R. Doc. 52 at 1.
[3]   R. Doc. 1 at 2.
[4]   *See id.* at 1-2.

The government filed a bill of information establishing a prior conviction for possession with intent to distribute cocaine.[5] Pursuant to Carter's plea agreement, this notice identified only one prior offense.[6] The Court then sentenced Carter with 262 months' imprisonment "as to Counts 1, 2, 3, and 4 of the indictment, to be served concurrently";[7] a $400 special assessment fee;[8] and ten years' supervised release.[9] Carter's projected release date is now April 27, 2024.[10]

In 2018, Congress passed the First Step Act. This law made a number of changes to criminal sentencing. As relevant here, the Act retroactively applies the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses. Carter's case was screened by the Eastern District of Louisiana's First Step Act Committee,[11] and he was

---

[5] *See* R. Doc. 42 at 1.
[6] *See* R. Doc. 43 at 1.
[7] R. Doc. 52 at 2.
[8] *Id.* at 5-6.
[9] *Id.* at 3.
[10] *See Inmate Locator, Federal Bureau of Prisons,* https://www.bop.gov/inmateloc/ (last visited Apr. 28, 2020).
[11] *See* Chief Judge Nannette Jolivette Brown, *First Step Act General Order* (Jan. 29, 2019), http://www.laed.uscourts.gov/sites/default/files/general-orders/First%20Step%20Act%2001%2029%202019.pdf.

identified as "eligible for a sentence reduction under Section 404 of the First Step Act."[12] The government opposes Carter's request for a reduction.[13]

## II. LEGAL STANDARD

Section 404 of the First Step Act states: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) [hereinafter "First Step Act"] (citation omitted). The Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *See* Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010) [hereinafter "Fair Sentencing Act"].

Sentencing reductions under the First Step Act are not mandatory, even if the petitioner is eligible. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Indeed, the First Step Act "leaves the choice whether to

---

[12]  *See* R. Doc. 75 at 2.
[13]  R. Doc. 71; *see also* R. Doc. 75 at 2.

3

resentence to the district court's sound discretion." *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *see also United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) ("That [defendant] is eligible for resentencing does not mean he is entitled to it . . . ." (quoting *Beamus*, 943 F.3d at 792)), *cert. denied*, No. 19-8036, 2020 WL 1906710 (U.S. Apr. 20, 2020).

## III. DISCUSSION

The parties agree that the First Step Act does not preclude a sentence reduction for Carter.[14] Carter was convicted of covered offenses, because Section 2 of the Fair Sentencing Act modified the offenses' statutory penalties. *See* First Step Act § 404(a); Fair Sentencing Act § 2(a); *see also Jackson*, 945 F.3d at 320. Additionally, Carter's offenses were "committed before August 3, 2010." *See* First Step Act § 404(a).[15] Furthermore, none of the First Step Act's limitations apply: Carter's sentence was not previously reduced under the Fair Sentencing Act, and a previous motion to reduce his sentence under the First Step Act has not been denied. *See* First Step Act § 404(c).

---

[14]  *See* R. Doc. 71 at 6-7; R. Doc. 74 at 3; *see also* R. Doc. 75 at 2.
[15]  *See, e.g.*, R. Doc. 52 at 1.

4

The government argues, nevertheless, that the Court should use its discretion—as expressly countenanced by the First Step Act, *see* First Step Act § 404(c)—to decline to reduce Carter's sentence.[16] Specifically, the government notes that Carter's guideline range remains the same.[17] The government also argues that the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction, in light of Carter's recidivist history.[18] Defendant responds that the Court should use its discretion to vary his sentence downward by sixty months' imprisonment.[19] As justification for such a reduction, defendant points primarily to his conduct while imprisoned.[20]

The Court does not find that resentencing in this case would be a sound use of the Court's discretion. The Fifth Circuit has explained the scope of the district court's task in imposing a new sentence under the First Step Act. "The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).

---

[16] *See* R. Doc. 71 at 5, 7-8.
[17] *See id.* at 7.
[18] *See id.* at 7-8.
[19] *See* R. Doc. 74 at 5.
[20] *See id.* at 5-7.

5

Applying that reasoning here, the Court does not find a sentence reduction in order based on the totality of the facts.

First, Carter was originally sentenced to a term of imprisonment within his guideline range, and this range has not changed.[21] Specifically, Carter's original advisory range resulted not from a mandatory minimum sentence, but rather from his being a career offender.[22] As a career offender, Carter's criminal history category was fixed, *see* U.S.S.G. § 4B1.1(b) (2006),[23] and his offense level was determined by his statutory maximum sentence, *see id.*[24]

---

[21] Carter's guideline range was originally calculated using the 2006 sentencing manual. *See* R. Doc. 75 at 20 ¶ 24.

[22] *See id.* at 12, 21 ¶¶ 34-35, 24 ¶ 50. The government prophylactically observes that defendant might argue that his conviction for attempted robbery—which probation pointed to as one of Carter's two predicate offenses when recommending that the career offender enhancement applied, *see* R. Doc. 75 at 21 ¶ 34—no longer supports the enhancement. *See* R. Doc. 71 at 7 n.4. Defendant, though, does not make this argument. And in any event, Carter has other offenses that would qualify as career offender predicates. *See* R. Doc. 75 at 22-23 ¶¶ 41-46; *see also* U.S.S.G. §§ 4A1.2(a)(2), 4B1.1(a) (2006); *cf. United States v. Baker*, No. 19-20568, 2020 WL 1887798, at *1 (5th Cir. Apr. 15, 2020) (per curiam) ("Although [defendant] contends the court should have revisited its career-offender finding upon reviewing his sentence, . . . [a] court, when interpreting the First Step Act, 'commit[s] no error in continuing to apply the career-criminal enhancement when deciding on a proper sentence.'" (final alteration in original) (quoting *Hegwood*, 934 F.3d at 419)).

[23] Career offenders are assigned a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b) (2006); *see also* R. Doc. 75 at 24 ¶ 50.

[24] Because the statutory maximum sentence for Carter's crimes was life imprisonment, *see* 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B) (2007), his offense level was 37, *see* U.S.S.G. § 4B1.1(b)(A) (2006). Adjusting this level by three for his acceptance of responsibility, *see* U.S.S.G. § 3E1.1 (2006); R. Doc. 75

At the time of his sentencing, Carter faced a statutory maximum sentence of life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B) (2007). And Carter still faces a statutory maximum sentence of life imprisonment—even after application of the First Step Act—because Count 2 involved over fifty grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B) (2018).[25] Consequently, his guideline range remains the same. Moreover, the Court already sentenced Carter to the bottom of this range.[26]

Additionally, other Section 3553(a) factors before the Court at the time of Carter's original sentencing militate against a reduction. In particular, the "history and characteristics" of Carter do not support a reduced sentence. *See* 18 U.S.C. 3553(a)(1). Carter is a career offender.[27] He has multiple controlled-substance convictions.[28] Indeed, when he committed the offenses leading to his current sentence, Carter was on parole for a conviction of possession with intent to distribute cocaine.[29] The Court even noted that it

---

at 21 ¶¶ 32-35, leads to a total offense level of 34. A criminal history category of VI and an offense level of 34 equates to an advisory range of 262 to 327 months' imprisonment. *See* U.S.S.G. § 5A (2006); R. Doc. 75 at 12.

[25] Because Count 2 had a statutory maximum sentence of life imprisonment, the statutory penalties Carter would face on the other counts are not determinative of his guideline range. *See* U.S.S.G. § 4B1.1(b) (2006).

[26] *See* R. Doc. 75 at 7, 12.

[27] *See* R. Doc. 75 at 21 ¶ 34.

[28] *See id.* at 22-23 ¶¶ 39-46.

[29] *See id.* at 23 ¶ 47.

7

"impose[d] the sentence of 262 months imprisonment because of the defendant's continued involvement in drug trafficking and his criminal history."[30] This history also shows that Carter's current sentence is needed "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(C). These facts all indicate that resentencing is not merited.

Finally, Carter's current characteristics also do not support the Court's using its discretion to reduce his sentence. Specifically, Carter points to his good conduct in prison—including maintaining prison employment and completing educational courses—his payment of his special assessment fees, and his family's continued support of him.[31] As an initial matter, the Fifth Circuit has held that district courts may but are not required to consider a defendant's post-conviction conduct when determining whether a defendant is eligible for a sentencing reduction under the First Step Act. *See Jackson*, 945 F.3d at 321 ("Neither was the district court obliged to consider [defendant's] post-sentencing conduct."). In any event, these circumstances must be weighed against the other circumstances of defendant and his offense conduct. Considering those here, Carter's conduct does not warrant a sentencing reduction.

---

[30] *See id.* at 13.
[31] *See* R. Doc. 74 at 5-7.

8

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's request for a sentencing reduction under the First Step Act.

New Orleans, Louisiana, this __28th__ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE