UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-229 |
| MICHAEL CARTER | SECTION "R" (3) |

## ORDER AND REASONS

Michael Carter moves *pro se* for compassionate release.[1] The Government opposes the motion.[2] Because Carter has not shown that he meets the requirements for compassionate release, the Court denies the motion.

## I.   BACKGROUND

On April 18, 2007, Carter pleaded guilty to a four-count indictment.[3] Count 2 charged Carter with distributing fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).[4] Counts 1, 3, and 4 charged Carter with distributing five grams or more of cocaine base in 21 U.S.C. § 841(a)(1).[5] The

---

1   R. Doc. 82.
2   R. Doc. 84.
3   R. Doc. 40.
4   R. Doc. 1 at 2.
5   *Id.* at 1-2.

Government also filed a bill of information to establish that Carter had a prior conviction for possession with intent to distribute cocaine.[6]

According to the factual basis Carter signed,[7] he sold crack to a confidential source working with the DEA on four separate occasions.[8] Carter sold 44.9 grams,[9] 52 grams,[10] 21.5 grams,[11] and 28.4 grams of crack to the confidential source,[12] for a total quantity of 146.8 grams, during those four transactions. The Court sentenced Carter to 262 months' imprisonment,[13] to be followed by 10 years' supervised release.[14] Carter is incarcerated at Oklahoma City FTC.[15] He has a projected release date of April 27, 2024.[16]

---

[6]   R. Doc. 42.
[7]   R. Doc. 44 at 3.
[8]   *Id.*
[9]   *Id.* at 1.
[10]  *Id.* at 2.
[11]  *Id.*
[12]  *Id.* at 3.
[13]  R. Doc. 52 at 2.
[14]  *Id.* at 3.
[15]  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 6, 2021).
[16]  *See id.*

## II.   DISCUSSION

### A.   Exhaustion

Before a federal court will assess the merits of a motion for compassionate release, defendants must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582.  The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts."  *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020).  The defendant bears the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

In addition, the Fifth Circuit has held that the exhaustion requirement is a "mandatory claim-processing rule." *Franco*, 973 F.3d at 468.  Like other mandatory-claim processing rules,  the Court must enforce the rule if a party properly raises the issue.  *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684,

692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). The Government concedes exhaustion in this case.[17]

Carter sent a request for compassionate release to the warden of FCI Texarkana[18] on July 29, 2020.[19] The warden responded on August 26, 2020, denying Carter's request.[20] Because Carter presented his request for compassionate release to the BOP, and because the Government concedes exhaustion,[21] the Court proceeds to the merits of Carter's motion.

### B.  Extraordinary and Compelling Reasons

Courts may only grant compassionate release when "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The relevant policy statement is set out in § 1B1.13 of the United States Sentencing Guidelines. The commentary to § 1B1.13 describes four "extraordinary and compelling

---

[17]  R. Doc. 84 at 3.
[18]  Carter was previously incarcerated at FCI Texarkana. *See* R. Doc. 84-2. He has since been transferred to Oklahoma City FTC. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 6, 2021); *see also* R. Doc. 84 at 1.
[19]  R. Doc. 82-2 at 9.
[20]  *Id.*
[21]  R. Doc. 84 at 3.

4

reasons" that could warrant a reduced sentence: (1) medical conditions, (2) age—starting at age 65,[22] (3) family circumstances, and (4) "[o]ther [r]easons." U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The commentary further specifies that, to be sufficiently serious to warrant release, a medical condition must be a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Carter argues that his medical conditions place him at high risk for death or serious illness were he to contract COVID-19.[23] In *United States v. Thompson*, the Fifth Circuit noted that, "in some exceptional cases" courts "have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID." 984 F.3d 431, 434 (5th Cir. 2021). But there is no "unanimous" agreement in the courts that "every high-risk inmate with preexisting conditions" has demonstrated an extraordinary and compelling reason. *Id.* The *Thompson* court affirmed a denial of compassionate release for a defendant who

---

[22] The record indicates that Carter is 60 years old. R. Doc. 84 at 1.
[23] R. Doc. 82-2 at 9.

5

suffered from hypertension, high cholesterol, and had previously suffered a stroke. *Id.* at 1.

Here, Carter contends that he suffers from hypertension[24] and that he has had heart surgery for an aortic valve replacement.[25] Neither Carter nor the Government provides the Court with medical records that would assist the Court in assessing the severity of Carter's conditions. But the record includes the warden's two-page denial letter to Carter.[26] There, the warden indicates that Carter was being treated for "Hyperlipidemia, Hypertension, Mitral Valve Disorder, Gastroesophageal Reflux Disease without Esophagitis, Umbilical Hernia, Glaucoma, and Disorder of Synovium and Tendon."[27] After cursorily enumerating these conditions, the warden indicates that the BOP has been providing adequate treatment to Carter, that Carter's medical status is "considered stable,"[28] and that the BOP did not find that Carter had been diagnosed with a "terminal illness" or any other condition that substantially diminished his ability "to provide self-care within the environment of a correctional facility."[29] Nothing in the record

---

[24]  R. Doc. 82 at 5.
[25]  *Id.*
[26]  R. Doc. 84-2.
[27]  *Id.* at 1.
[28]  *Id.*
[29]  *Id.*

6

provides the Court with a basis to doubt the BOP's conclusions as to the severity of Carter's medical conditions, or Carter's ability to provide self-care in BOP custody. It is Carter's burden to demonstrate that his medical conditions constitute extraordinary reasons meriting compassionate release. *See, e.g.*, *Rodriguez*, 2020 WL 5369400, at *2 (noting that the defendant bears the burden of demonstrating extraordinary and compelling reasons); *Murray*, 2020 WL 4000858, at *2 (same); *Castro*, 2020 WL 3076667, at *2 (same); *see also Thompson*, 984 F.3d at 434 (affirming denial of compassionate release, noting that "nearly half" of American adults have hypertension, rendering the inmate's condition far from "extraordinary").

The heart of Carter's claim is a generalized fear of COVID-19. But generalized fear of the virus does not rise to an "extraordinary and compelling reason" justifying release. *See, e.g.*, *Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitled a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."). Moreover, Oklahoma

7

City FTC reports only twelve positive COVID-19 cases[30] among an inmate population of 1,036.[31] The Court finds that Carter has not established that his medical conditions amount to extraordinary and compelling reasons meriting compassionate release.

### C. Section 3553(a) Factors

The Court also finds that the Section 3553(a) factors do not support a reduction in Carter's sentence. When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, both the "seriousness of the offense" and "the history and characteristics of the defendant" militate against early release. 18 U.S.C. § 3553(a). Carter was convicted of serious drug offenses involving large quantities of narcotics. Further, the bill of information indicated that Carter already had prior felony drug conviction.[32] The Court finds that the Section 3553(a) factors do not weigh in favor of compassionate release.

---

[30] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited April 6, 2021).
[31] Federal Bureau of Prisons, *Population Statistics*, https://www.bop.gov/mobile/about/population_statistics.jsp (last visited April 6, 2021).
[32] R. Doc. 42; R. Doc. 51; R. Doc. 52.

### D. Danger to the Community

When ruling on a motion for compassionate release, the Court must assess whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). In making this determination, the Court looks to 18 U.S.C. § 3142(g). *Id.* The factors set out in § 3142(g) are similar to § 3553(a), and include the "nature and circumstances of the offense" and the "the history and characteristics" of the defendant. *Id.* at § 3142(g)(1)-(4). As noted above, these factors weigh against compassionate release. The Court finds that the nature of Carter's drug offense, as well as Carter's criminal history, militate against release.

## III. CONCLUSION

For the foregoing reasons, Carter's motion for compassionate release is DENIED.

New Orleans, Louisiana, this __7th__ day of April, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE